BLANKNER, Plaintiff-Appellant, v. LATHROP et, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 5906. Decided June 3, 1958.

Knepper, White, Richards, Miller & Roberts, Kline L. Roberts, Milton S. Bartholomew, of Counsel, Columbus, for plaintiff-appellant.
Donald S. McNamara, Columbus, for Julia Lathrop.
Eagleson & Eagleson, Columbus, for defendants-appellees.

## OPINION

By PETREE, PJ.

This is a law appeal from the judgment of the Court of Common Pleas, which directed a verdict which sustained the validity of a will.

There are two assignments of error, which are as follows:

1. The trial court erred in ruling that the two witnesses to the purported will were competent witnesses.

2. The trial court erred in directing the jury to find that the paper writing purporting to be the last will and testament of Nette B. Rogers was the last will and testament of Nettie B. Rogers.

Nette B. Rogers, widow of Charles Rogers, entered the hospital and was operated upon in the latter part of January, 1955. She executed the

will on February 19, 1955. She lived until November 5, 1955, and her will was offered for probate on November 15, 1955.

The execution of the will took place in Mt. Carmel Hospital in the presence of her attorneys, John H. Eagleson (who was named executor in the will) and Stuart D. Eagleson (who was named as contingent executor). The Eaglesons, father and son, were law partners and attorneys for the testatrix at the time the will was executed. Before the lawyers arrived, Mrs. Rogers had told her nurse, Mrs. Clouse, that she would like to talk to them alone.

After considering the record, the briefs, and the arguments of counsel, we agree with the holding of the Court of Common Pleas that there was nothing to submit to a jury in this case and that it was the plain duty of the trial judge to direct a verdict.

While a serious question is raised relative to the competency of persons named in the will as executors of the will to act as witnesses, here again it was a legal question. Admittedly, Mr. John H. Eagleson was named executor, and he was one of the two witnesses to its execution. If he was not a competent witness, the will is not a valid instrument to pass title to property of the deceased. We do not believe this is a situation where the executor named in the will could refuse to accept the appointment by the Probate Court and thereby render the will valid.

The historic objection to the competency of a person named executor is no longer applicable. The executor is no longer a beneficiary, as in early days, with the right to do as he pleased with the personal estate which was not distributed to the widow and children or to keep all the property not specifically bequeathed to others. He now receives a commission fixed by the Probate Court pursuant to statute and limited by statute except for extraordinary services or expenses. Page on Wills, Lifetime Edition, at Section 325, cited by defendants, appellees herein, contains an excellent discussion of the question.

A majority of the jurisdictions outside of Ohio hold to the position that an executor who is not also a legatee or devisee is competent to be one of the necessary witnesses. Woerner, in American Law of Administration, Third Edition (1923), lists Alabama, Delaware, and formerly North Carolina as adverse to this holding of competency and nineteen states which hold such executor competent as a witness.

We recognize that this question is one of first impression in Ohio, but we believe the better reasoning is on the side of competency of the executor named in the will to act as a witness. The following note appears at Section 269, Deibel's Ohio Probate Law, Fifth Edition:

"The person named as executor may be a witness."

In view of the modern laws of descent and distribution and those governing executors in Ohio, we hold that the action of the trial court in directing a verdict upholding the validity of the will was correct; and, therefore, the judgment of the said trial court will be sustained. We find both assignments of error not well taken.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.